

Opinions of the United
States Court of Appeals
for the Third Circuit

2006 Decisions

5-15-2006

# USA v. Bey

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bey" (2006). *2006 Decisions*. Paper 1107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2626

———

UNITED STATES OF AMERICA

v.

JEFFREY BEY,
a/k/a JEFFREY GILBERT
a/k/a ABDUR RASHEED BEY,

Jeffrey Bey,
        Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00684)
District Judge: Honorable Marvin Katz

———

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: AMBRO and FUENTES, Circuit Judges, and
IRENAS*, District Judge.

(Filed: May 15, 2006 )

———

* Honorable Joseph E. Irenas, Senior District Judge for the
District of New Jersey, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Jeffrey Bey appeals his ten-year prison sentence on the ground that the District Court violated his constitutional rights by imposing it based on a prior conviction not charged in his indictment or proven to a jury beyond a reasonable doubt. For the reasons stated herein, we deny Bey's requested relief and accordingly affirm the District Court.

## I.    Background

Bey pled guilty to a number of charges including: distribution, and possession with intent to distribute heroin; distribution, and possession with intent to distribute cocaine; and possession of a firearm by a convicted felon. Bey received a mandatory ten-year sentence for the drug charges under 21 U.S.C. § 841(b)(1)(B). As to the gun charge, Bey received a consecutive mandatory sentence of five years under 18 U.S.C. § 922(g)(1). His total prison sentence was therefore fifteen years.

Bey does not challenge the five-year sentence. He does argue, however, that his mandatory ten-year drug sentence is unconstitutional because the fact of his prior felony drug conviction was neither admitted nor charged in his indictment and proven to a jury beyond a reasonable doubt. See United States v. Booker, 543 U.S. 220 (2005). He supports this claim by asserting that because this prior conviction was the sine qua non that rendered the

ten-year sentence mandatory, see 21 U.S.C. § 841(b)(1)(B), it cannot constitutionally be found by a judge. See id. Bey accordingly has requested that we remand to the District Court for re-sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.     Analysis

Because of the quantity of drugs involved–10.62 grams of heroin and 17.27 grams of crack–Bey was subject to punishment under 21 U.S.C. § 841(b)(1)(B). Pursuant to that Section, a defendant who has been convicted of a prior felony drug offense and who distributes, or possesses with the intent to distribute, this sum of drugs "shall be sentenced to a term of imprisonment which may not be less than ten years and not more than life imprisonment." The District Court determined that Bey had such a conviction in the form of a 1990 New Jersey state court drug possession charge to which he pled guilty. Based on this finding, the District Court was statutorily required to sentence Bey to at least ten years in prison for the drug charge.

Bey nonetheless maintains that the District Court's finding that he had a prior felony drug conviction was unconstitutional under Booker. Under recent precedent of this Court, it is clear that Bey's contention is incorrect. In United States v. Coleman, __ F.3d ___ (3d Cir. 2006), we addressed this very issue. There, we held that in a scenario where prior convictions increased the statutory minimum punishment for a crime, the Government need not charge the convictions in the indictment and prove them to a jury beyond a reasonable

3

doubt.  <u>See</u> <u>id.</u>  In other words, we held that a district court may make the factual determination that a defendant has a prior conviction without running afoul of the Constitution under <u>Booker</u>.  That is precisely this issue here, and in light of <u>Coleman</u>, it is clear that we cannot grant Bey his requested relief.

We note in passing that this result squares neatly with the language of <u>Booker</u>, the holding of which stated that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  543 U.S. at 244.  The fact of a prior conviction is thus specifically exempted from the <u>Booker</u> requirement that certain facts be either admitted or proven to a jury.  This language further convinces us that Bey cannot succeed in his claim.

**III.    Conclusion**

For the foregoing reasons, we affirm the judgment of the District Court.

4